UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AT SACRAMENTO

| | |
|---|---|
| CODY MOSS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CHICO, CITY OF CHICO POLICE DEPARTMENT OFFICERS D. AMENT and C. UEBELHARDT and DOES 1-50,<br><br>    Defendants. | No. 2:16-cv-01832-SB<br><br>**ORDER DENYING THE PARTIES' JOINT STIPULATION FOR PROTECTIVE ORDER** |

    Before the Court is the parties' Joint Stipulation for Protective Order Re: Disclosure of Confidential Information, ECF No. 9.

    The parties ask the Court to sign a Protective Order that was drafted and agreed to by the parties. It is this Court's practice to not enter general Protective Orders that simply set forth the parties' agreement for handling "confidential" materials.

    The product of pretrial discovery is presumptively public, though Federal Rule of Civil Procedure Rule 26(c) permits a district court to override this presumption upon a showing of "good cause." *San Jose Mercury News, Inc. v. U.S. District Court—Northern Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir.

**ORDER DENYING THE PARTIES' JOINT STIPULATION FOR PROTECTIVE ORDER ~** 1

1999). Rule 26(c) provides that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Prior to the grant of a protective order, the moving party must certify it has "conferred or attempted to confer with other affected parties in an effort to resolve the dispute *without court action*." Fed. R. Civ. P. 26(c) (emphasis added).

The parties are free to contract between themselves regarding disclosure of information produced in discovery, and pursue appropriate remedies in the event of breach; however, the Court will not be party to such an agreement. A court issued protective order is less necessary since Rule 5(d) was amended to only require filing discovery material actually used in support of an action. Because not all discovery material need be filed, most discovery material is not readily accessible to the public. Therefore, the primary concern regarding confidential materials is how the parties themselves handle such material. This Court will not hesitate to issue a protective order when it is necessary; however, the moving party or parties must demonstrate good cause exists and must bear the "burden of showing specific prejudice or harm" that will result if no protective order is granted. *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). In other words, the moving party must demonstrate why the parties cannot resolve the issue without court action—a standard that will generally not be met when the parties agree to the terms of a proposed protective order.

The motion at hand fails to demonstrate specific harm or prejudice that will result if no protective order is granted. Additionally, the parties appear to be in agreement on what material is appropriate for discovery and how it should be handled. Accordingly, the Court denies the stipulated motion for protective order.

//
//
//

**ORDER DENYING THE PARTIES' JOINT STIPULATION FOR PROTECTIVE ORDER ~ 2**

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The parties' Joint Stipulation for Protective Order Re: Disclosure of Confidential Information, ECF No. 9, is **DENIED**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 5th day of December, 2016.

_____
Stanley A. Bastian
United States District Judge

**ORDER DENYING THE PARTIES' JOINT STIPULATION FOR PROTECTIVE ORDER ~ 3**